ROBERT L. BLAND, Judge.
Claimant Max G. Lynch seeks an award in the sum of $60.17. His claim is predicated upon the ground that he had been an employee of the West Virginia penitentiary at Mounds-ville for a period of five years, and that for the year 1941 he earned a vacation of two weeks with pay amounting to the said sum of $60.17. Upon the hearing of the claim it was shown that where an employee of the penitentiary has rendered service for one year he is, during the next year, entitled to a two weeks’ vacation with pay some time during the year. The time of the vacation is determined by the *2 employees of the institution drawing from a box capsules containing the exact date of each employee’s vacation. Claimant received such vacation and pay for four years. On the 1st day of March 1942, he with other employees of the penitentiary drew the capsules in accordance with the custom observed for determining their respective dates of vacation. In this manner claimant’s-vacation was fixed to begin on August 16, 1942, but he resigned his position at the institution on the 16th of May 1942, prior to the date when his vacation should begin. At the time of such resignation claimant was informed by the warden of the penitentiary that there was no money available for the payment of the amount to which he was entitled on account of his earned vacation. It clearly appears from the record that there was no money to the credit of the penitentiary out of which claimant could be paid for the two weeks vacation allowed him for the year 1941 and which he was entitled to be paid during the year 1942. The state board of control, the state agency involved in this case, after due investigation of the claim in question and conference with the attorney general’s office, admits that the claim in the amount of $60.17 should be paid. It is further established to the satisfaction of the court that it has been the policy of state departments to allow vacation with pay for two weeks where an employee has been in regular service of the department throughout the year. Liability on the part of the state to pay the claim in question is admitted by the board of control.
We are of opinion and accordingly hold that when, upon the hearing of a claim filed by a former employee of a state department, it is disclosed by the record that it is the policy of such state department to allow employees who have been in the service of the state for more than one year an annual vacation with pay, an award will be made in accordance with such policy.
An award will, therefore, be entered in the instant case allowing claimant Max G. Lynch the sum of sixty dollars and seventeen cents ($60.17).